UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RICHERSON, WESSEL, TEWALT,<br><br>　　　　　　Defendants. | Case No. 1:22-cv-000139-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

　　　Plaintiff Maximiliano Sileoni filed a prisoner civil rights action and a request to proceed in forma pauperis. Dkts. 2, 4. Because of Plaintiff's status as a prisoner requesting authorization to proceed in forma pauperis, the Court must review the Complaint to determine whether it states a claim upon which he can proceed. *See* 28 U.S.C. §§ 1915 and 1915A.

　　　To address the growing trend of frivolous civil rights actions filed by prison inmates, the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), introduced a "three strikes" provision, which precludes a prisoner from filing lawsuits or appeals in forma pauperis if he has previously filed three other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g).

　　　The only exception is that a prisoner with three strikes may be permitted to file an in forma pauperis action if he appears to be "under imminent danger of serious physical

injury." *Id*. If he is not in such danger, then he must pay the $402 filing fee at the time of filing.

Plaintiff's case history shows that, prior to the date he filed the Complaint in this action (March 24, 2022—mailbox rule), he brought three civil actions that were dismissed for failure to state a claim or frivolousness. As a result, he is subject to the three strikes rule under 28 U.S.C. § 1915(g).

Plaintiff's prior cases that fit within the § 1915(g) prohibition are as follows:

- Case No. 20-cv-00500-DCN, *Sileoni v. State of Idaho*, was dismissed as frivolous on December 7, 2020. Dkt. 7.

- The appeal from dismissal of Case No. 20-cv-00500-DCN was also determined to be frivolous on October 14, 2021. Dkt. 15.

- Case No. 20-cv-00508-BLW, *Sileoni v. IDOC Staff*, was dismissed as frivolous on January 1, 2021. Dkt. 15.

- Case No. 20-cv-00501-BLW, *Sileoni v. ISCI Paralegal*, was dismissed for failure to state a claim on April 20, 2021. Dkt. 9.

- Case No. 20-cv-00502-DCN, *Sileoni v. Thomson*, was dismissed for failure to state a claim on June 3, 2021. Dkt. 18.

- Case No. 20-cv-00557-DCN, *Sileoni v. Idaho Parole Board*, was dismissed for failure to state a claim on September 1, 2021. Dkt. 14.

- Case No. 21-cv-00006-BLW, *Sileoni v. Shelby*, was dismissed for failure to state a claim on November 5, 2021. Dkt. 12.

In the present action, Plaintiff complains that Defendants denied his request to install pull-up bars in the exercise cages in the recreation area in about 2017. Plaintiff states that gang members have destroyed prison property such as sheets and clothing to create a makeshift rope to use for pull-ups. He also complains that gang members have selected the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

days and times they feel they have priority to work out in the recreation area, and non-gang members must work around the gang members' schedules. Plaintiff asserts that he now has little time to recreate and exercise, "cost[ing him] physical pain to [his] health." Dkt. 2, p. 2.

Plaintiff's pull-up bar allegations are frivolous. He has no constitutional right to any particular exercise equipment, nor is another inmate's damage to prison property something for which Plaintiff can request redress.

As to the allegations that his recreation time is limited by gang members' preferences, the Complaint does not contain allegations that Plaintiff is in imminent danger of serious physical injury. The causal link between allegations that gang members dominate recreation yard time and an implication that an imminent risk of serious physical harm exists is simply too tenuous based on the lack of allegations in the complaint.

In addition, Plaintiff has not alleged that he attempted to bring this issue to the attention of prison officials in a written grievance, and they failed to cure the problem—leaving him in imminent danger of harm. Generally, a court cannot require a prisoner to show that he exhausted his administrative remedies at the pleadings stage of litigation because that is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). However, here, the context, purpose, and requirement is different. As a matter of first impression, the Court reasons that a three-strikes prisoner should not be permitted to come to the Court for "emergency" redress if he has three strikes and his failure to attempt to use the prison grievance system to remedy the problem has, in part, caused the alleged "imminent danger" to remain unaddressed by prison officials.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

Plaintiff has two options: he may attempt to amend his complaint to address the deficiencies to show imminent danger of serious physical harm or he may pay the filing fee of $402 if he desires to proceed. If he does neither, this case will be dismissed without prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 4) is DENIED without prejudice.

2. No later than 30 days after entry of this Order, Plaintiff must submit an amended complaint remedying the deficiencies set forth above, omitting the frivolous claims, and showing that he is in imminent danger of serious physical injury (including information that he used the prison grievance system and its internal appeals to bring the danger to the attention of prison officials); or he must pay the filing fee of $402.

3. Failure to take further action in this case will result in dismissal without further notice.

DATED: September 22, 2022

David C. Nye
Chief U.S. District Court Judge